## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **DARNELL W. MOON,** | ) | |
| **Former No. 34077-044,**[1] | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 15-cv-00889-MJR** |
| | ) | |
| **J.S. WALTON,** | ) | |
| **HENRY RIVAS,** | ) | |
| **M. NEUMANN,** | ) | |
| **D. SCHIAVONE,** | ) | |
| **CHARLES SAMUELS, JR.,** | ) | |
| **THOMAS R. KANE,** | ) | |
| **D. SCOTT DODRILL,** | ) | |
| **BRIAN K. DAVIS,** | ) | |
| **LESLIE SMITH,** | ) | |
| **AMBER NELSON,** | ) | |
| **PAUL M. LAIRD,** | ) | |
| **WENDY J. ROAL,** | ) | |
| **R. ROLOFF,** | ) | |
| **STEVEN CARDONA,** | ) | |
| **G. BURGESS,** | ) | |
| **DAN SPROAL,** | ) | |
| **CALVIN JOHNSON,** | ) | |
| **JOHN BAIR,** | ) | |
| **APRIL CRUITT,** | ) | |
| **WILLIAM FALLS,** | ) | |
| **J. SIMMONS,** | ) | |
| **T. CAPALDO,** | ) | |
| **STEPHEN COLT,** | ) | |
| **STEVE JULIAN,** | ) | |
| **JEFF BANEY, and** | ) | |
| **E. GARCIA,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

---

[1] Plaintiff's prison identification number is included for reference, since all claims pertain to when he was incarcerated at U.S.P.-Marion.

Plaintiff Darnell Moon currently resides in Cape Girardeau, Missouri, but was previously incarcerated at the United States Penitentiary at Marion, Illinois ("Marion").  Proceeding *pro se*, Moon has filed a *Bivens* action pursuant to 42 U.S.C. § 1331, alleging that his First Amendment rights were violated when he and other Muslims at Marion were prohibited from rolling up the legs of their pants, which he explains is a tenant of their religion.  Moon seeks declaratory relief, as well as compensatory and punitive damages.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A.  The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief.  28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  Frivolousness is an objective standard that refers to a claim that "no reasonable person could suppose to have any merit."  *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The claim of entitlement to relief must cross "the line between possibility and plausibility."  *Id*. at 557.  At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed.  *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

According to the complaint, Moon was confined at the United States Penitentiary at Marion, Illinois, from January 2012 to December 2013.  Six months after his arrival at Marion, Moon became a Muslim, and at that point he learned that there was a policy that forbade

Muslims from rolling up the legs of their pants.  According to Plaintiff, the Prophet Mohammad stated that a Muslim who drags his pants legs on the ground will be subject to being thrown in hellfire.  That prison policy is attributed to defendants Samuels, Kane, Dodrill, Davis, Smith, Nelson and Laird at the highest levels of the Bureau of Prisons.  The policy further authorized lower level staff to punish those who violated the policy.

At the institutional level, defendants Neumann, Rivas, Roal, Walton, Burgess, Cardona, Johnson, Roloff, Sproul, Garcia, Baney, Julian, along with Schiavone, Capaldo, Cruitt, Colt, Simmons, Falls and Bair approved, condoned the enforcement of, or carried out, the disciplinary policy against rolled up or cuffed pants.  When Plaintiff complained to those Marion officials he was told, "watch what we'll do to you."   The complaint does not make entirely clear whether Plaintiff was merely threatened with segregation, or actually punished, but Plaintiff indicates that he was very distressed to be forced to choose between punishment and violating a tenet of his religion.

Based on the allegations in the complaint, the Court finds it convenient to divide the *pro se* action into the following counts, generally mirroring the Plaintiff's organization of the claims. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.  The designation of these counts does not constitute an opinion as to their merit.

> **Count 1:   Defendants Samuels, Kane, Dodrill, Davis, Smith, Nelson, Laird, Schiavone, Capaldo, Cruitt, Colt, Simmons, Falls and Bair violated Plaintiff's rights under the Free Exercise Clause of the First Amendment when they created, approved and condoned a policy prohibiting Muslims from rolling up or cuffing their pants;**

**Count 2:** **Defendants Neumann, Rivas, Roal, Walton, Burgess, Cardona, Johnson, Roloff, Sproul, Garcia, Baney and Julian violated Plaintiff's rights under the Free Exercise Clause of the First Amendment when they implemented the policy prohibiting Muslims from rolling up or cuffing their pants; and**

**Count 3:** **Defendants Neumann, Rivas, Roal, Walton, Burgess, Cardona, Johnson, Roloff, Sproul, Garcia and Julian intentionally inflicted severe emotional distress upon Plaintiff, in violation of Illinois law.[2]**

### Discussion

### Counts 1 and 2

Relative to Counts 1 and 2, the First Amendment claims, "a prisoner is entitled to practice his religion insofar as doing so does not unduly burden the administration of the prison." *Hunafa v. Murphy*, 907 F.2d 46, 47 (7th Cir 1990).  To state a claim under the Free Exercise Clause of the First Amendment, a plaintiff must allege facts to suggest that his "right to practice [his chosen religion] was burdened in a significant way."  *Kaufman v. McCaughtry*, 419 F.3d 678, 683 (7th Cir. 2005).  Plaintiff Moon asserts that it violates his religion to drag his pants on the ground, and the policy prohibiting Muslims from rolling up or cuffing their pants placed him in the position of violating either prison rules or a tenet of his faith—presumably his prison-issued pants would drag the ground if not rolled or cuffed.  The allegations that the defendants created, condoned, implemented and/or enforced such a policy falls within the ambit of the First Amendment.

Although the complaint offers few details about which defendant did what with respect to the pants policy, there is *just* enough pleaded to satisfy the liberal notice pleading standard (*see* FED.R.CIV.P. 8) and the only slightly more demanding *Twombly* pleading standard.  The complaint generally distinguishes those defendants who were policymakers, from those who

---

[2] Of the 12 defendants who allegedly enforced the pants policy (Count 2), all but defendant Baney are alleged to have also intentionally inflicted emotional distress (*see* Doc. 1, p. 10).

were involved in implementing the policy, either from an administrative position or more directly.  Counts 1 and 2 shall, therefore proceed.

### Count 3

Count 3 alleges that all of the defendants are liable for intentional infliction of emotional distress under Illinois law.  Where a district court has original jurisdiction over a civil action, as is the case here, it also has supplemental jurisdiction over related state claims pursuant to 28 U.S.C. § 1367(a), so long as the state claims "derive from a common nucleus of operative fact" with the federal claims.  *Wisconsin v. Ho–Chunk Nation*, 512 F.3d 921, 936 (7th Cir. 2008).  Plaintiff's emotional distress claim concerns the same facts as his *Bivens* religious claims, so supplemental jurisdiction over this claim is appropriate.

Under Illinois law, a plaintiff claiming intentional infliction of emotional distress must allege facts tending to show that the defendant intentionally or recklessly engaged in "extreme and outrageous conduct" that resulted in severe distress.  *Sornberger v. City of Knoxville, Ill.*, 434 F.3d 1006, 1030 (7th Cir. 2006).  An intentional infliction of emotional distress claim has three components: the conduct involved must be extreme and outrageous; the actor must either intend that his conduct inflict severe emotional distress or know that there is a high probability that his conduct will cause severe distress; and the conduct must in fact cause severe distress. *McGrath v. Fahey*, 533 N.E.2d 806, 809 (Ill. 1988).  To be actionable, the defendant's conduct "must go beyond all bounds of decency and be considered intolerable in a civilized community." *Honaker v. Smith*, 256 F.3d 477, 490 (7th Cir. 2001).  Liability for this kind of tort is reserved for those acts that are "truly outrageous" – that is, an "unwarranted intrusion" that is "calculated to cause severe emotional distress to a person of ordinary sensibilities."  *Id.*

The complaint does sufficiently allege that Moon felt extreme emotional distress at the choice he faced.  And, arguably, the policy could have been designed and implemented to inflict

emotional distress upon all Muslims.   Although this claim strikes the Court as being weak and difficult to establish, at this early juncture the Court cannot rule out the possibility that it could pan out.  Count 3 shall proceed.

**Disposition**

**IT IS HEREBY ORDERED** that, for the reasons stated, **COUNTS 1, 2 and 3** shall **PROCEED** against Defendants **SAMUELS, KANE, DODRILL, DAVIS, SMITH, NELSON, LAIRD, SCHIAVONE, CAPALDO, CRUITT, COLT, SIMMONS, FALLS, BAIR, NEUMANN, RIVAS, ROAL, WALTON, BURGESS, CARDONA, JOHNSON, ROLOFF, SPROUL, GARCIA, BANEY and JULIAN** in their individual capacities (*see* Doc. 1, pp. 2-3).

The Clerk of Court shall prepare for Defendants **SAMUELS, KANE, DODRILL, DAVIS, SMITH, NELSON, LAIRD, SCHIAVONE, CAPALDO, CRUITT, COLT, SIMMONS, FALLS, BAIR, NEUMANN, RIVAS, ROAL, WALTON, BURGESS, CARDONA, JOHNSON, ROLOFF, SPROUL, GARCIA, BANEY and JULIAN**:  (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.[3]

If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

---

[3] Insofar as defendants are sued in their individual capacities, the waiver procedure is applicable. *See* FED.R.CIV.P. 4

In addition, pursuant to FED.R.CIV.P. 4(i)(3), the Clerk shall (1) personally deliver to or send by registered or certified mail addressed to the civil-process clerk at the office of the United States Attorney for the Southern District of Illinois a copy of the summons, the complaint, and this Memorandum and Order; and (2) send by registered or certified mail to the Attorney General of the United States at Washington, D.C., a copy of the summons, the complaint, and this Memorandum and Order.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Stephen C. Williams** for further pre-trial proceedings.

Further, this entire matter shall be **REFERRED** to a United States Magistrate for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to*

*such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* may have been granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED: September 3, 2015**

s/ *Michael J. Reagan*
**MICHAEL J. REAGAN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**